(C.D. 2594)

THE PARKER-HARTFORD CORPORATION *v.* UNITED STATES

United States Customs Court, First Division

(Decided December 1, 1965)

*Barnes, Richardson & Colburn* (*E. Thomas Honey* and *Earl R. Lidstrom* of counsel) for the plaintiff.

*John W. Douglas*, Assistant Attorney General (*Harold L. Grossman*, trial attorney), for the defendant.

Before OLIVER, WILSON, and NICHOLS, Judges

OLIVER, Judge: The merchandise the subject of these protests consists of certain projectorscopes, profiloscopes, and parts thereof. They were classified under paragraph 228 (b), Tariff Act of 1930, as optical instruments, not specially provided for, or as microscopes, not specially provided for, both classifications dutiable at the rate of 45 per centum ad valorem. Plaintiff contends that they are properly classifiable as parts of machine tools, not specially provided for, under the provisions of paragraph 372 of said act, as modified by T.D. 51802, and dutiable at the rate of 15 per centum ad valorem.

The relevant provisions of the Tariff Act of 1930 are as follows:

Paragraph 228(b), Tariff Act of 1930:

* * * microscopes, all optical instruments, frames and mountings therefor, and parts of any of the foregoing; all the foregoing, finished or unfinished, not specially provided for, 45 per centum ad valorem.

Paragraph 372, Tariff Act of 1930, as modified by T.D. 51802:

| | |
|---|---|
| Machine tools (except jig-boring machine tools) | 15% ad val. |

\*    \*    \*    \*    \*    \*    \*

Parts, not specially provided for, wholly or in chief value of metal or porcelain, of articles provided for in any item 372 of this Part:

| | |
|---|---|
| Textile pins | * * * |

\*    \*    \*    \*    \*    \*    \*

| | |
|---|---|
| Other | The same rate of duty as the articles of which they are parts |

Paragraph 372, as originally enacted, provides further:

* * * That machine tools as used in this paragraph shall be held to mean any machine operating other than by hand power which employs a tool for work on metal.

At the trial, plaintiff moved to amend protests 63/12030, 63/4974, and 63/4975 to add the claim as described above. (R. 2.) Plaintiff abandoned all claims with respect to spare parts in entry H–527 in protest 62/11601, and, in entry H–250, protest 63/12030, it limited its claim to the profiloscopes. (R. 3–9.) With respect to this last entry, it was agreed at trial that, because the papers therein had been partially destroyed by fire, wherever the merchandise was returned as microscopes it referred to the profiloscopes involved in these protests. (R. 8–9.)

Plaintiff called one witness and introduced six illustrative exhibits. Defendant called no witnesses and filed no brief, but in lieu thereof, requested relief from filing a brief, contending it was satisfied that the merchandise covered by these protests were integral and dedicated parts of machine tools, as claimed by plaintiff.

Mr. Franklin P. Clement, sales manager for The Parker-Hartford Corporation, the importer herein, testified to the following facts: That his company is engaged in manufacturing and also imports and sells machine tools and parts; that he is responsible for the complete marketing activities of his company and that he was personally familiar with the protested merchandise; that all of the Model II projectorscopes described on the invoices are the same, varying only in magnifying power which usually ranges from 10 to 50 times; that the same is true for the Model III projectorscopes as well as the profiloscopes; that the Model II projectorscopes have a 7½ viewing screen, a rotating turret in which are mounted six standard reticles, which are angles, thousands of vertical and horizontal lines relating to form grinding and forming integral parts of the projectorscopes; that the Model III projectorscopes are basically the same as the Model II, the only difference being that they have a tilted or angled screen which, when used on surface grinding, permits the operator, in his operating position, to view the screen; that the Model II projectorscope is designed for mounting on a cylindrical grinding machine, and the Model III is used on a surface grinding machine; that such grinding machines are operated other than by hand and employ a tool for metal work; that a profiloscope is basically identical to the projectorscopes, except that an eyepiece is used instead of a viewing screen, and it does not permit the use of overlay drawings which may be mounted on the projectorscopes; the profiloscope is designed for mounting on either a cylindrical or surface grinding machine; that he has seen such articles in operation on grinding machines and that plaintiff's illustrative exhibits 4, 5, and 6 depict typical installations of said merchandise; neither the projectorscopes nor the profiloscopes serve a useful purpose until they are fitted to a machine tool; they become necessary and integral parts of a grinding machine for form work and are permanently installed; they provide the control element during the operation of the precision form work, giving the operator visual control over both the wheel and the piece being worked; either reticles or overlay drawings are incorporated into the unit to provide the form to which the operator must grind the part to; the turret assembly and scope for the Model II projectorscope form an integral part thereof and has no other use, and the precision form work could not be accomplished without these articles installed; the involved articles are sold to factories for installation on cylindrical and surface grinding machines only; experience has shown that they have no practical use for installation on milling machines or lathes and have never been sold for such use.

Mr. Clement further testified that the parts in question perform the exact same function in the grinding machines as did the articles involved in *Engis Equipment Company* v. *United States*, 43 Cust. Ct.

399, Abstract 63510, and 50 Cust. Ct. 189, Abstract 67391; Abstracts 63510 and 67391 vis-a-vis the Sheffield micro-grinder involved therein.

It was stipulated by counsel that the component material of chief value of the articles involved is metal. (R. 49.)

In the *Engis Equipment Company* cases, *supra*, the court held that certain viewing equipment, consisting primarily of a screen and microscope eyepiece designed to be fitted to a sheffield micro-grinder for work on the grinding of shaped flat or cylindrical parts to a predetermined contour, were parts of said machine tools rather than optical instruments, as classified by the collector. In Abstract 67391, *supra*, after observing that the articles were used on the micro-grinders and were necessary for the proper functioning of same, the court said:

* * * The viewing screen, illuminating system, and filter unit, involved herein, are used collectively to form the viewing unit of a particular model of micro-grinder, which cannot be operated without these imported articles. The items in question are not optical instruments; they are equipment whose combined optical properties become serviceable after the articles are permanently installed in the grinding machine tool, of which they are essential components.

Based on the foregoing unchallenged statement of the facts, we find the involved merchandise to be designed solely for, and function solely as, integral, necessary component parts of the cylindrical and surface grinding machine tools to which they are permanently attached, and, further, that the imported articles have no use aside from their attachment to such machine tools and are not independent optical instruments. Following the approach of this court in the *Engis Equipment Company*, cases, *supra*, we hold the articles in question to be properly classifiable under the provision in paragraph 372, Tariff Act of 1930, as modified, calling for parts of machine tools and dutiable thereunder at the rate of 15 per centum ad valorem, as claimed by the plaintiff.

To the extent indicated, the protests are sustained, and judgment will be rendered accordingly.